Filed 4/19/22  In re Riley S. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re RILEY S. et al., Persons Coming Under the Juvenile Court Law. | B311042 |
| | (Los Angeles County Super. Ct. No.20LJJP00678A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. DUSTIN S., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Davis, Juvenile Court Referee. Dismissed.

David M. Yorton, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

Dustin S. (Father) appeals from the jurisdiction findings and disposition order declaring 12-year-old Riley S. and six-year-old Dustin S., Jr. (Dustin) dependents of the juvenile court under Welfare and Institutions Code section 300, subdivision (a),[1] after the court sustained allegations that the children were at substantial risk of serious physical harm because Father and Kari S. (Mother) engaged in domestic violence, including a physical struggle over Dustin in which both parents grabbed him. Father does not challenge the jurisdiction findings under section 300, subdivision (b)(1), and Mother's appeal from the same findings has been dismissed.

On March 7, 2022, during the pendency of the appeal, the juvenile court terminated jurisdiction and entered a juvenile custody order incorporating a mediation agreement under which Father has sole physical custody of the children. We dismiss the appeal as nonjusticiable and moot.

---

[1]     Further undesignated statutory references are to the Welfare and Institutions Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Family and the Dependency Case*

Mother and Father separated in 2018.  Pursuant to a family law order, Mother and Father had joint physical and legal custody, with the children residing with Father on Mondays, Tuesdays, and every other weekend; the children residing with Mother on Wednesdays, Thursdays, and every other weekend. On October 10, 2020 Mother and Father engaged in a physical altercation at a mutual friend's birthday party.  Mother brought Riley and Dustin to the party; Father also attended.  Mother reported she was trying to get Dustin off the waterslide to leave the party when Father confronted her.  Mother and Father had a brief "'tug of war'" over Dustin, with each trying to grab him. Father took control of Dustin and started to walk away.  Mother then tried to reach around Father to take Dustin.  Father "'elbowed her in the face,'" causing Mother to fall, chip her two front teeth, and become unconscious.  Father left the party and started yelling and punching random cars on the street.  Father and several witnesses reported Mother was the aggressor. Mother hit Father on his face and pulled his ear.  Father stated he accidentally hit Mother and she fell to the ground.  Dustin reported Father elbowed Mother in the face, causing her to fall down.

On October 27, 2020 the Department of Children and Family Services (Department) filed a dependency petition on behalf of the children under section 300, subdivisions (a) and (b)(1), alleging Mother and Father had an extensive history of verbal and physical altercations in the presence of the children, and on October 10 the parents engaged in a physical struggle

3

over Dustin with each grabbing the child.  Father struck Mother in the face with his elbow, causing her to fall.  Mother struck Father in the face and pulled Father's ear.  Both parents were injured, and Mother suffered a concussion.  On prior occasions Father struck Mother's head, gouged Mother's eyeball, bent Mother's fingers back, and slammed the door on Mother's face, resulting in a laceration to Mother's lip.  Another time, Mother struck Father with an open hand in the face and head.  On other occasions, Mother and Father pushed each other.  The children were prior dependents of the juvenile court because of Father's conduct and Mother's failure to protect the children.  The parents' violent conduct placed the children at risk of serious physical harm.

At the January 25, 2021 jurisdiction hearing, the juvenile court sustained the allegations in the dependency petition.  At the February 8, 2021 disposition hearing, the court declared Riley and Dustin dependents of the court and removed them from the parents' physical custody.  The court ordered Mother and Father to participate in mental health counseling; a psychiatric evaluation; individual counseling to address domestic violence, anger management, and the effects of domestic violence on children; and drug testing, with each to complete a full drug rehabilitation program after a missed or positive test.  The court granted Mother and Father monitored visits for a minimum of three days per week for three hours each visit.

Father timely appealed.[2]

B.     *Termination of Dependency Jurisdiction*

At the August 9, 2021 six-month review hearing (§ 366.21, subd. (e)), the juvenile court returned the children to Father's physical custody.  On March 7, 2022 the juvenile court terminated jurisdiction over the children and entered a final juvenile custody order that incorporated the custody schedule agreed upon by Mother and Father at a court mediation.[3]  Under the custody order, Mother and Father have joint legal custody, with Father having sole physical custody.  The children would "live primarily with Father and go to school in Father's school district."  Mother would have custody of the children "[e]very other weekend, from Friday after school till Sunday at 7:00 P.M." and additional days or times upon agreement of the parents.  Mother also would have custody of the children during winter and summer breaks and specified holidays.

---

[2]     On September 8, 2021 we dismissed Mother's appeal for failure to file an opening brief.  (Cal. Rules of Court, rule 8.412(d)(1).)

[3]     On our own motion we take judicial notice of the March 7, 2022 minute orders and the juvenile custody order.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

## DISCUSSION

"'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'" (*In re I.J.* (2013) 56 Cal.4th 766, 773; accord, *In re M.R.* (2017) 7 Cal.App.5th 886, 896 ["'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'"]; *In re Briana V.* (2015) 236 Cal.App.4th 297, 309 ["[W]e need not address jurisdictional findings involving one parent where there are unchallenged findings involving the other parent."].) Further, the juvenile court "may base jurisdiction on the actions of one or both parents." (*In re H.R.* (2016) 245 Cal.App.4th 1277, 1285; accord, *In re Briana V.,* at p. 308 ["'[A] jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent.'"].) Therefore, an appeal is not justiciable where "no effective relief could be granted . . . , as jurisdiction would be established regardless of the appellate court's conclusions with respect to any such [challenged] jurisdictional grounds." (*In re Madison S.* (2017) 15 Cal.App.5th 308, 329; accord, *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.)

Nevertheless, "[c]ourts may exercise their 'discretion and reach the merits of a challenge to any jurisdictional finding when

6

the finding (1) serves as the basis for dispositional orders that are also challenged on appeal [citation]; (2) could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings [citations]; or (3) "could have other consequences for [the appellant], beyond jurisdiction" [citation].'" (*In re D.P.* (2015) 237 Cal.App.4th 911, 917; accord, *In re Madison S., supra*, 15 Cal.App.5th at p. 329; *In re J.C.* (2014) 233 Cal.App.4th 1, 4.)

Father's appeal is nonjusticiable because regardless of whether we grant Father relief as to the allegations under section 300, subdivision (a), the juvenile court had jurisdiction over Riley and Dustin based on the identical sustained jurisdictional findings under section (b)(1) (and the findings as to Mother), which are not challenged on appeal. (*In re I.J., supra*, 56 Cal.4th at p. 773; *In re M.R., supra*, 7 Cal.App.5th at p. 896; *In re Madison S., supra*, 15 Cal.App.5th at p. 329; *In re Briana V., supra*, 236 Cal.App.4th at pp. 308-309.) Father urges us to exercise our jurisdiction to decide the merits because the allegation that he committed domestic violence could impact a finding by the juvenile court in this or a future proceeding. On appeal Father contends it was Mother who was the aggressor in the October 10 incident, and he was a victim. But the domestic violence allegations will stand under section 300, subdivision (b)(1), regardless of whether we grant relief from the allegations under subdivision (a). Further, the allegations may be considered in a future dependency court proceeding regardless of the juvenile court's jurisdiction findings in this case, and any future custody order would need to be based on conditions existing at that time. (See *In re Madison S.*, at p. 330 ["[T]he substance of the spanking allegation would almost certainly be

7

available in any future dependency or family court proceeding, regardless of any determination on our part as to whether it formed an independent basis for juvenile court jurisdiction."]; *In re I.A., supra*, 201 Cal.App.4th at pp. 1494-1495 ["Father . . . fails to suggest any way in which this [jurisdictional] finding actually could affect a future dependency or family law proceeding, and we fail to find one on our own. In any future dependency proceeding, a finding of jurisdiction must be based on current conditions."].)

Further, as discussed, the juvenile court terminated jurisdiction with a juvenile custody order granting Father joint legal custody and sole physical custody of the children, thus rendering his appeal also moot. "An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; accord, *In re C.C.* (2009) 172 Cal.App.4th 1481, 1488; cf. *In re S.G.* (2021) 71 Cal.App.5th 654, 663 [appeal from juvenile court's denial of restraining order was not moot despite termination of jurisdiction because an order directing juvenile court to issue restraining order would provide effective relief].) A dependency appeal ""becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief."" (*In re J.P.* (2017) 14 Cal.App.5th 616, 623; accord, *In re N.S.* (2016) 245 Cal.App.4th 53, 61 [mother's appeal was moot where juvenile court awarded her custody of minor and dismissed dependency proceedings]; *In re Albert G.* (2003) 113 Cal.App.4th 132, 134 [maternal aunt's appeal of child's removal from her care and denial of her section 388 petition were rendered moot by child's adoption].)

In supplemental briefing, Father contends his appeal is not moot because the juvenile court's findings under section 300, subdivision (a), could subject him to inclusion in the Child Abuse Central Index (CACI). (See Pen. Code, § 11169, subd. (a) [providing designated agencies, including the Department, "shall forward to the Department of Justice a report in writing of every case it investigates of known or suspected child abuse or severe neglect that is determined to be substantiated, other than cases coming within subdivision (b) of Section 11165.2," which defines "'[g]eneral neglect'"].) However, Father's concern is speculative. Father does not claim the Department reported him to the Department of Justice for inclusion on the CACI. Had the Department reported Father, it would have been required to provide him notice. (See *In re C.F.* (2011) 198 Cal.App.4th 454, 462 ["The reporting agency must notify the known or suspected child abuser that he or she has been reported to the CACI."].)

Further, the jurisdiction findings do not reasonably fall within the definitions of child abuse or severe neglect. Penal Code section 11169, subdivision (a), provides for reporting of substantiated "child abuse or severe neglect." Child abuse includes "the willful harming or injuring of a child or the endangering of the person or health of a child" or "physical injury . . . inflicted by other than accidental means upon a child by another person." (*Id*., §§ 11165.3, 11165.6.) The jurisdiction finding that "the parents engaged in a physical struggle" over Dustin when they both grabbed him would not reasonably constitute "child abuse" because there is no evidence Dustin was physically injured by the parents' conduct. By contrast, in *In re Emily L.* (2021) 73 Cal.App.5th 1, 4, 15, for example, the court concluded the alleged conduct, including physically abusing the

9

child by grabbing her neck, choking her, and forcibly grabbing her, fell within the definition of child abuse, placing the mother at risk of inclusion in the CACI.  Moreover, as discussed, Father has not challenged the allegations under section 300, subdivision (b)(1), of a physical struggle over Dustin, and thus, the same allegations will stand regardless of whether we grant relief from the allegations under subdivision (a).

Because Father has not shown any collateral consequences from the jurisdiction findings for which we can grant effective relief, we dismiss his appeal as nonjusticiable and moot.

**DISPOSITION**

Father's appeal is dismissed.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.